UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61580-CIV-ALTMAN/HUNT

YIP, LLC,

               *Plaintiff*,

*v.*

THE INDIVIDUALS, BUSINESS
ENTITIES, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A,"

               *Defendants*.

_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT

THIS CAUSE comes before this Court on the Plaintiff YIP, LLC's Amended Motion for Entry of Final Default Judgment Against Defendants[1] (the "Motion for Final Default Judgment"), ECF No. 39. The Honorable Roy K. Altman, United States District Judge, referred the Motion for Final Default Judgment to the undersigned, ECF No. 41. The undersigned has carefully reviewed the pleadings, the record in this case, the applicable law and is otherwise fully advised in the premises.

On August 2, 2021, Plaintiff filed its Complaint, and on August 27, 2022 its Amended Complaint, against Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114 (Count I); false designation of origin under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count II), common law unfair competition (Count III), and common law trademark infringement (Count IV). *See* ECF

_____

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto.

No. 17. In its Amended Complaint, Plaintiff requests the Court (1) enter a permanent injunction enjoining Defendants from producing or selling goods that infringe on its trademarks, ECF No. 17 at ¶ 63(a); (2) remove the listings and associated images of goods bearing and/or using counterfeits and infringements of Plaintiff's trademarks at issue, *Id.* at ¶ 63(e); (3) have the goods of each Defendant bearing one or more of Plaintiff's trademarks held by the Internet marketplace be surrendered to Plaintiff, *Id.* at ¶ 63(f); and (4) award of statutory damages pursuant to 15 U.S.C. §1117(c), *Id.* at ¶ 63(g). For the reasons more fully discussed below, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Final Default Judgment, ECF No. 39, be GRANTED.

## I.     FACTUAL BACKGROUND[2]

Plaintiff is the registered owner of the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "YIP Marks"):

| Trademark | Registration No. | Registration Date | Classes/Goods |
|---|---|---|---|
| YONANAS | 3,998,579 | July 19, 2011 | IC 011 - frozen dessert dispenser |

---

[2] The factual background is taken from Plaintiff's Amended Complaint, ECF No. 17, Plaintiff's Motion for Final Default Judgment, ECF No. 39, and supporting evidentiary submissions.

| Trademark | Registration No. | Registration Date | Classes/Goods |
|---|---|---|---|
|  | 4,165,549 | June 26, 2012 | IC 011 - frozen dessert dispenser |
| YONANAS | 4,229,118 | October 23, 2012 | IC 007- electric food processors |
|  | 4,406,665 | September 24, 2013 | IC 007- electric food processors |
|  | 4,414,904 | October 8, 2013 | IC 007- electric food processors |
|  | 4,414,905 | October 8, 2013 | IC 007- electric food processors |

*See* Declaration of Steve Brown, ECF No. 6-1 at ¶ 5. The YIP Marks are used in connection with the manufacture and distribution of high-quality goods in the categories identified above. *See id.*

Defendants, through the Internet based e-commerce stores operating under the seller identification names identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for sale, or sold goods bearing and/or using what the Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable

imitations of the YIP Marks. *See id*. at ¶¶ 10-13; *see also* Declaration of Stephen M. Gaffigan, ECF No. 6-2 at ¶ 2; Declaration of Kathleen Burns, ECF No. 6-3 at ¶ 4.

Although each Defendant may not copy and infringe each YIP Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each of the Defendants has infringed at least one or more of the YIP Marks. *See* ECF No. 6-1 at ¶¶ 10-13. The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the YIP Marks. *See id*. at ¶¶ 10, 12-13.

Plaintiff's counsel retained Invisible Inc ("Invisible"), a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing YIP branded products by Defendants and to obtain the available payment account data for receipt of funds paid to Defendants for the sale of counterfeit versions of YIP branded products. *See* ECF No. 6-1 at ¶ 11; ECF No. 6-2 at ¶ 2; ECF No. 6-3 at ¶ 3.  Invisible accessed the Internet based e-commerce stores operating under the Seller IDs and placed orders from each Defendant for the purchase of various products, all bearing and/or using counterfeits of, at least, one of the YIP trademarks at issue in this action and requested each product to be shipped to Invisible's address in the Southern District of Florida. See ECF No. 6-3 at ¶ 4. Each order was processed entirely online, and following the submission of the orders, Invisible received information for finalizing payment[3] for the various products ordered from Defendants to their respective financial

---

[3] Invisible Inc was instructed not to transmit the funds to finalize the sale for the orders from most of the Defendants so as to avoid adding money to Defendants' coffers.  *See* ECF No. 6-2 at ¶ 2 n.1; ECF No. 6-3 at ¶ 4 n.1.

accounts[4] and/or payee,[5] which are identified on Schedule "A" hereto. *Id.* At the conclusion of the process, the detailed web page captures and images of the various YIP branded products promoted and offered for sale via Defendants' Seller IDs were sent to Plaintiff's representative for inspection. See ECF No. 6-1 at ¶ 11; ECF No. 6-2 at ¶ 2.

Plaintiff's representative reviewed and visually inspected the various products bearing the YIP Marks offered for sale by Defendants via the Internet based e-commerce stores operating under their respective Sellers IDs and determined that the products offered for sale were non-genuine, unauthorized versions of the Plaintiff's products. *See* ECF No. 6-1 at ¶¶ 12-13.

On August 3, 2021, Plaintiff filed an *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3), ECF No. 7, which the Court granted on August 5, 2021, ECF No. 12. Pursuant to the Court's Order, Plaintiff served Defendants with their respective Summons and a

---

[4] Defendant Number 172 operates via the non-party Internet marketplace platform, eBay.com, and uses money transfer and retention services with PayPal, Inc. ("PayPal"). *See* ECF No. 6-2 at ¶ 6; ECF No. 6-3 at ¶ 4 n.2.

[5] Defendant Numbers 1–44 operate via the non-party Internet marketplace platform, AliExpress.com, and have their payments processed on their behalf using Alipay. Defendant Numbers 45–171 operate via the non-party Internet platform Amazon.com. Amazon allows Defendants to conduct their commercial transactions privately via Amazon's payment processing and retention service, Amazon Payments, Inc. Lastly, Defendant Numbers 173–175 operate via the non-party e-commerce marketplace platform, Wish.com ("Wish"), which is operated by ContextLogic Inc. ("ContextLogic"), and the payee for the orders placed on Wish.com identifies "PayPal *Wish," which is the aggregate PayPal account for purchases made via Wish.com. As such, the payment information for these Defendants is not publicly disclosed. However, because these financial entities accept and/or process payments on behalf of the individual merchants operating on their respective platforms, the financial entities can tie a particular Seller ID, merchant identification number, and/or store number to a reported transaction and identify the merchant's funds held in sub-accounts within their respective aggregate account. *See* ECF No. 6-2 at ¶¶ 4-5, 7; ECF No. 6-3 at ¶ 4 n.3.

copy of the Amended Complaint via e-mail and via website posting on September 7, 2021. *See* Declaration of Stephen M. Gaffigan, ECF No. 39-1 at ¶ 6; *see also* ECF No. 32, (proof of service).

The time allowed for Defendants to respond to the Amended Complaint has expired. *See* ECF No. 39-1 at ¶ 7. Defendants have not been granted any extension of time to respond, nor have they served or filed an Answer or other response. *Id.* at ¶ 8. Plaintiff asserts that, to its knowledge, none of the Defendants are infants or incompetent persons, and upon information and belief, the Servicemembers Civil Relief Act does not apply. *Id.* at ¶ 9. On November 23, 2021, Plaintiff filed its Request for Clerk's Entry of Default against Defendants, ECF No. 35, and the Clerk subsequently entered default against each Defendant on November 29, 2021 for failure to plead or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, ECF No. 36. On April 26, 2022, the Court entered an Order on Default Final Judgment Procedure requiring Plaintiff to submit its Motion for Entry of Final Default Judgment, ECF No. 38. Plaintiff now moves the Court to grant Final Default Judgment against all Defendants.

## II.    <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (internal quotations and citations omitted).

However, "a defendant's default does not in itself warrant the court entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court must determine whether there is a sufficient basis in the pleadings for the judgment. *See id*.

### III.   <u>DISCUSSION</u>

**A.   Liability**

> 1.   *Trademark Counterfeiting and Infringement Under 15 U.S.C. § 1114 (Count I).*

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark … which … is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(a) (alterations added). To prevail on the merits of a trademark infringement claim, a plaintiff must show that "(1) its mark has priority, (2) defendant used its mark in commerce, and (3) defendant's mark is likely to cause consumer confusion." *PetMed Express*, 336 F. Supp. 2d at 1217-18 (citing *Int'l Cosmetics Exch., Inc., v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242 (11th Cir. 2002)). Plaintiff has sufficiently alleged and established each of these elements: (1) Plaintiff's ownership of the trademarks at issue precede Defendants' infringement, *see* ECF No. 17 at ¶ 15; (2) Defendants advertised, offered for sale, and sold goods in commerce bearing the YIP Marks without Plaintiff's consent or authorization, *see id.* at ¶¶ 24-26, 30; and (3) the marks used on the goods Defendants advertised, offered for sale, and sold are so similar to the YIP Marks that they are likely to cause consumer confusion, *see id.* at ¶¶ 24–25, 32, 40-41.

Accordingly, Plaintiff is entitled to a default judgment on its trademark counterfeiting and infringement claim.

2. *False Designation of Origin Under 15 U.S.C. § 1125(a) (Count II).*

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. *See* 15 U.S.C. § 1125(a)(1). As with trademark infringement claims, the test for liability for false designation of origin under Section 43(a) is also "whether the public is likely to be deceived or confused by the similarity of the marks at issue.". *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992). As noted above, Plaintiff's well-pled allegations establishes Plaintiff's ownership of the YIP Marks, *see* ECF No. 17 at ¶ 15, and there is a likelihood of consumer confusion due to Defendants' use of the YIP Marks, *see id.* at ¶¶ 24–25, 32, 47. As such, Plaintiff is entitled to a default judgment on its false designation of origin claim.

3. *Common-Law Unfair Competition and Trademark Infringement (Counts IV and V).*

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, No. 83- 8381-Civ-Paine, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987). Additionally, the analysis of liability for Florida common law trademark

infringement is the same as the analysis of liability for trademark infringement under § 32(a) of the Lanham Act. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1217-18 (S.D. Fla. 2004). As discussed above, Plaintiff has alleged all the elements for statutory trademark infringement. Thus, Plaintiff is also entitled to default judgment on its claims for common law unfair competition and common law trademark infringement.

### B.      Injunctive Relief and Damages

Plaintiff requests an award of equitable relief and monetary damages against Defendants. This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment in regards to damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing). Where, as here, a plaintiff seeks statutory damages and has filed detailed declarations and documentary evidence, a hearing is unnecessary to determine damages. *See Petmed*, 336 F. Supp. 2d at 1217.

Based on the default entered against Defendants, Plaintiff's well-pleaded allegations of fact in the Amended Complaint are admitted and thus not in dispute. *See, e.g., Eagle Hosp. Physician*s, 561 F.3d at 1307. Plaintiff has also presented sufficient evidence to support its request for a permanent injunction and statutory damages. As such, Plaintiff is entitled to the entry of a final default judgment awarding the relief sought.

### 1. *Injunctive Relief*

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance

of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors. Accordingly, permanent injunctive relief is appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Amended Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* ECF No. 17 at ¶¶ 36, 44, 51, 56, 62. Further, the Amended Complaint alleges, and the submissions by Plaintiff show, that the goods promoted, advertised, offered for sale, and sold by Defendants are nearly identical to Plaintiff's genuine products and that consumers viewing Defendants' counterfeit goods post-sale would actually confuse them for Plaintiff's genuine products. *See id.* at ¶ 25 ("The net effect of Defendants' actions is likely to cause confusion of consumers who will believe all of Defendants' goods offered for sale in Defendants' e-commerce stores are genuine goods originating from, associated with, and/or approved by YIP.").

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the

injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if they are prohibited from the infringement of Plaintiff's trademarks, which is an illegal act. Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting scheme and are profiting from their deliberate misappropriation of Plaintiff's rights. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities by having their listings and images removed and their goods held by the Internet marketplace surrendered to Plaintiff, such that these

means may no longer be used as instrumentalities to further the sale of counterfeit goods.

### 2. *Statutory Damages*

Plaintiff requests an award of statutory damages against Defendants for trademark infringement in Count I. Plaintiff asserts that damages for Count II, III, and IV are encompassed in Count I. *See* ECF No. 39 at 17-18.

<u>Damages as to Count I for Trademark Counterfeiting and Infringement</u>

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count I of the Amended Complaint. *See* ECF No. 39 at 14.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or

non-existent."); *Playboy Enter., Inc. v. Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

Here, the allegations in the Amended Complaint and the evidence establish Defendants intentionally copied the YIP Marks for the purpose of deriving the benefit of Plaintiff's famous reputation. Defendants have defaulted on Plaintiff's allegations of willfulness. *See* ECF No. 17 ¶ 31; *see also Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (citation omitted) (concluding a court may infer willfulness from the defendants' default). As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one (1) type of good bearing at least one (1) mark which was in fact a counterfeit of at least one of the YIP Marks. *See* ECF No. 17 at ¶¶ 15, 24-32, 39-42; ECF No. 6-1 at ¶¶ 5, 10-13; *see also* ECF Nos. 6-4 through 6-7. And, as noted, based upon the evidence Plaintiff has presented, it is

reasonable to infer each Defendant's infringement was willful. As such, Plaintiff suggests the Court award statutory damages of $1,000,000.00 per mark, per type of good. As each Defendant used at least one counterfeit mark on one type of good, Plaintiff suggests the Court award statutory damages of $1,000.000.00 against each Defendant as partial compensation to Plaintiff and to deter Defendants and others from continuing to counterfeit Plaintiff's trademarks. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Undersigned finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just. *See*, *Goyard St-Honore v. bagsgoyard.us*, Case No. 21-cv-61346-RKA (S.D. Fla. Oct. 4, 2021) (awarding $1,000,000.00 in statutory damages against each Defendant); *The North Face Apparel Corp., v. thenorthfacenze.com*, Case No. 21-cv-61120-RKA (S.D. Fla. July 7, 2021) (awarding $1,000,000.00 in statutory damages against each Defendant); *Chanel, Inc. v. handbagsreplica.ru*, Case No. 20-cv-62604-RKA (S.D. Fla. Feb. 25, 2021) (awarding $1,000,000.00 in statutory damages against each Defendant); *Richemont Int'l SA v. bestreplicacartier.com*, Case No. 20-cv-60637-RKA (S.D. Fla. June 2, 2020) (awarding $1,000,000.00 in statutory damages against each Defendant); *see also Chanel, Inc. v. aaachanelshop.ru*, No. 19-cv-62119-UU, 2019 U.S. Dist. LEXIS 175511 (S.D. Fla. Oct. 8, 2019) (awarding $1,000,000.00 in statutory damages against each Defendant). Accordingly, Plaintiff should be awarded $1,000,000.00 in statutory damages against each Defendant pursuant to 15 U.S.C. § 1117(c).

## IV.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Final Default Judgment, ECF No. 39, be GRANTED and Final Default Judgment and Permanent Injunction be entered as follows:

1.  Permanent Injunctive Relief:

The Defendants and their officers, directors, employees, agents, representatives, servants, subsidiaries, distributors, attorneys, and all persons acting in concert and participation with the Defendants are hereby permanently restrained and enjoined from:

    a.  manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's trademarks, or any confusingly similar trademarks identified in Paragraph 15 of the Amended Complaint (the "YIP Marks");

    b.  using the YIP Marks in connection with the sale of any unauthorized goods;

    c.  using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

    d.  falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

    e.  engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with Plaintiff;

    f.  using any reproduction, counterfeit, copy, or colorable imitation of the YIP Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants;

    g.  affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants as being those of Plaintiff or in any way endorsed by Plaintiff and from offering such goods in commerce;

    h.   otherwise unfairly competing with Plaintiff;

    i.   using the YIP Marks, or any confusingly similar trademarks on e-commerce websites, within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, websites, or domain names registered by, owned, or operated by Defendants; and

    j.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

2.  Additional Equitable Relief:

    a.   Upon Plaintiff's request, the Internet marketplace website operators and/or administrators for the e-commerce stores operating under the seller identification names identified on Schedule "A" hereto ("Seller IDs"), including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, Amazon.com, Inc., eBay Inc., and ContextLogic, Inc., which operates Wish.com platform, shall permanently remove from the multiple platforms, which include, *inter alia*, a Direct platform, Group platform, Seller Product Management platform, Vendor Product Management platform, and Brand Registry platform, any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the YIP Marks via the e-commerce stores operating under the Seller IDs, including but not limited to the listings and associated images identified by the "parent" and/or "child" Amazon Standard Identification Numbers ("ASIN") on Schedule "A" hereto, and any other listings and images of goods bearing counterfeits and/or infringements of the YIP Marks associated with any "parent" and "child" ASIN linked to the same sellers or any other alias seller identification names being used and/or controlled by the Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the YIP Marks; and

    b.   Upon Plaintiff's request, Defendants and any Internet marketplace website operator and/or administrator who is in possession, custody, or control of Defendants' goods bearing and/or using one or more of the YIP Marks, including but not limited to Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform, Amazon.com, Inc., eBay Inc., and ContextLogic, Inc., which operates Wish.com platform, shall permanently cease fulfillment of and sequester those goods, and surrender the same to Plaintiff.

3. Statutory damages in favor of the Plaintiff pursuant to 15 U.S.C. § 1117(c).

   a. Award the Plaintiff damages of $1,000,000.00 against each Defendant, for which let execution issue, based upon the Court's finding that each Defendant infringed at least one trademark on one type of good. The Court considered both the willfulness of each Defendant's conduct and the deterrent value of the award imposed, and the awarded amount falls within the permissible statutory range under 15 U.S.C. § 1117(c).

4. All funds currently restrained or held on account for all Defendants by all financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Alibaba.com Hong Kong Limited, which operates the Alibaba.com Hong Kong Limited, which operates the AliExpress.com platform ("AliExpress"), Zhejiang Ant Small and Micro Financial Services Group Co., Ltd. ("Ant Financial Services"), AliPay (China) Internet Technology Co. Ltd., Alipay.com Co., Ltd., and Alipay Singapore E-Commerce Private Limited (collectively, "Alipay"), Amazon Payments, Inc. ("Amazon"), PayPal, Inc. ("PayPal"), ContextLogic, Inc., which operates the Wish.com website ("ContextLogic"), and their related companies and affiliates, are to be immediately (within 5 business days), transferred by the previously referred to financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms and by Defendants, to Plaintiff and/or Plaintiff's counsel in partial satisfaction of the monetary judgment entered herein against each Defendant. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, AliExpress, Ant Financial Services, Alipay, Amazon, PayPal, and ContextLogic, and their related companies and affiliates, shall provide to Plaintiff at the time the funds are released, a breakdown reflecting the (i) total funds

restrained in this matter per Defendant; (ii) the total chargebacks, refunds, and/or transaction reversals deducted from each Defendant's funds restrained prior to release; and (iii) the total funds released per Defendant to Plaintiff.

5. Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

6. The bond posted by the Plaintiff in the amount of $10,000.00 is ordered to be released by the Clerk.

7. The Court retains jurisdiction to enforce this Final Default Judgment and Permanent Injunction.

8. The Clerk shall **CLOSE** this case. All deadlines and hearing are **TERMINATED,** and any pending motions are **DENIED AS MOOT.**

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and ORDERED** at Fort Lauderdale, Florida, this 10th day of June 2022.


PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
The Honorable Roy K. Altman
All counsel of record

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER, SELLER ID, AND**
**FINANCIAL ACCOUNT INFORMATION**

| Def. No. | Defendant / Seller ID | Financial Account Information | YIP Branded Item's ASIN / Infringing Product Number |
|---|---|---|---|
| 1 | 7 Day of Life Store | 911879083 | 1005002593408640 |
| 2 | Appliance Supplier Store | 5881651 | 1005002618746742 |
| 3 | AZMAUTO Store | 5578154 | 1005002454111883 |
| 4 | CheapCheap Store | 4973003 | 1005002024087303 |
| 5 | China Tools' Store | 4882033 | 4001021511784 |
| 6 | chinese produce Store | 232223 | 1760756827 |
| 7 | Coffee Baby Store | 910642053 | 1005002554066474 |
| 8 | Coffee retailer Store | 5883415 | 1005002618747292 |
| 9 | Comopez Appliances Store | 910630017 | 1005002618703921 |
| 10 | comopez Official Store | 5566051 | 1005002618677910 |
| 11 | comopez03 Store | 911936784 | 1005002616169773 |
| 12 | Cute Chong Store | 1739270 | 32808023910 |
| 13 | Daily Appliance Store | 4689098 | 1005002667406690 |
| 14 | Domestica Store | 5065249 | 1005002512117345 |
| 15 | donggang Store a/k/a Personal care package Store | 912114092 | 1005002722832543 |
| 16 | Dropshipping55 Store | 5254188 | 1005002364958850 |
| 17 | Game Gege Store | 3079052 | 4001284504321 |
| 18 | hehe123 Store | 911664033 | 1005002482784452 |
| 19 | Hoodakang Store | 3737001 | 1005002558904636 |
| 20 | Joliemaison Dropshoping Store | 5567095 | 1005002056261603 |
| 21 | kbxstart Lifecare Store | 5568097 | 1005002631826190 |
| 22 | KEMENG Store | 5720071 | 1005002618654829 |
| 23 | merbao Kitchen Appliances Store | 911600534 | 1005002247222523 |
| 24 | Miaijia Store | 911767290 | 1005002580368397 |
| 25 | No.24 Jersey Kb Store | 911935686 | 1005002663021181 |
| 26 | RONEGYE CN Store | 1088570 | 1005002622318165 |
| 27 | RONEGYE Store | 5497137 | 1005002618673701 |
| 28 | RU Electrical supermarket Store | 910868009 | 1005002558964898 |
| 29 | Sheldon Life Store | 5053366 | 1005002017880497 |
| 30 | Shenzhen Tianru Sihai Store | 911457051 | 1005002653696528 |
| 31 | Shop1952429 Store | 1952429 | 32701126127 |
| 32 | Shop3480006 Store | 3480006 | 1005002621019337 |
| 33 | Shop4405168 Store | 4405168 | 1005002038401056 |
| 34 | Shop4659008 Store | 4659008 | 4001266689688 |
| 35 | Shop911113226 Store | 911113226 | 1005002434339958 |
| 36 | SUNKINSUN Store | 910919043 | 1005002790085608 |
| 37 | Wangcai007 Store a/k/a Xnhome appliance Store | 911768274 | 1005002525492639 |
| 38 | Warm appliances Store | 911836280 | 1005002631896157 |
| 39 | WISHING HOUSE Store | 911615557 | 1005002460011323 |
| 40 | Yason Appliance Store | 4649127 | 1005002618756503 |
| 41 | YTK - Store | 604851 | 1005002618733721 |
| 42 | YTK -Shenzhen Yason General Machinery Co.,Ltd Store | 1774123 | 1005002618702707 |
| 43 | YTK Official Store | 411054 | 1005002618710273 |
| 44 | ZUMAIS Store | 5072301 | 1005002618792311 |

| Def. No. | Defendant / Seller ID | Financial Account Information | YIP Branded Item's ASIN / Infringing Product Number |
|---|---|---|---|
| 45 | 1GEYI_US_Store | A1EZ21T8B40CEH | B094QK6SWL |
| 46 | 24 Hours Online | A3DPAVX7QWQI2F | B08THJN92Y |
| 47 | AiYouWei | A2NJ20YAKV9YSZ | B097D9PSX7 |
| 48 | boheyabohe | A3VXLBFA4X5QA7 | B08XV2T3NV |
| 49 | Brand --Merchants | A3BYECLISPUGVW | B096TQDB5J |
| 50 | BriSunny | A3BJRW59579CH | B08VS7N54L |
| 51 | Btfad USA Shop | A10QXTPVL6DZL3 | B094QK6SWL |
| 52 | CABASAA-shop | A3QG9GC10Y3BK8 | B08T19WJXK |
| 53 | Candance1 | A9ZQSV4W94D1W | B08TWDKTYG |
| 54 | CFWLKJ | A2O0XKD833ATBD | B08T61BTL9 |
| 55 | chenjuqin us | A2XOZREDXRU63U | B08SQN23DJ |
| 56 | Chijiu Tools Trade | AYB196JXCODRR | B08YCYP9V8 |
| 57 | Chuanghaojie Trading | A1M1ZCT6D321DE | B091TCPVV4 |
| 58 | chudandehaodian111 | A3C3WQKAW13JUK | B08SM7C5PS |
| 59 | CL1949 | AWCT7TEDD63N2 | B08YR135GM |
| 60 | Cueis | A2JP2SR6MK1DU3 | B08TV793SL |
| 61 | dajiahua | A3NA4ZGH8TQ7BO | B094FZ9FM9 |
| 62 | Damaiy | A2GZ68XVPSBZ61 | B097Y59NWY |
| 63 | Dengbangshop | A3MK0WJPAYBH37 | B0928WGPD6 |
| 64 | DREAMDA | A1SKFKIFQD8L89 | B0928LHZGM |
| 65 | DSWMUXIEQSHAN | A6SRVQVI9KOFU | B08WX278XK |
| 66 | Esfocor-US | A2GHQBM5KG34M2 | B09B3HB6LN |
| 67 | Eyouinc | A82OQ34P9V70F | B08ZXL9DNV |
| 68 | Go4max | A2Z7ERPJZWHBNU | B08YYSX7GK |
| 69 | gracefu08 | A1BEOG1OM3NAT0 | B09367T4SR |
| 70 | GREENW | A2R0376AD47Z1J | B091Z17VJ2 |
| 71 | GRHMYGS | AZI50GLSTKUX1 | B08XX5LK8T |
| 72 | gulinghua's shop | A3ALV74VI9WOAU | B08T654NND |
| 73 | Hang Zhou Zhe Yu Dian Zi Ke Ji | A3NQDTYC0F2BDT | B095WJ7L7C |
| 74 | HANYUKY | A12UYP3MCF08WP | B08G518QP4 |
| 75 | Haohhus | A2N06HOX4Z1NAX | B088ZKNQ9G |
| 76 | have nice day 20 | ABW88M0TE2ROA | B08BL3NFLH |
| 77 | Henwi | AK56I8PPY715A | B08ZYFGJ5H |
| 78 | HGHR-US | A1218OJGV8QN2R | B08ZN2TWCS |
| 79 | HQ-PTBF | A7FKPXPAZ86TG | B08T1X6TY5 |
| 80 | HSRX-US | A80ISZO1MPQ95 | B09YNSMS9S |
| 81 | Hssionyounger | A2M47NNV5VS8LZ | B08Z442R68 |
| 82 | huijiadeyichu | A1FBFGZF7Z48HI | B093ZW4Y56 |
| 83 | HuiJun | A1949LC1KW6Q7H | B088R7FWRC |
| 84 | IFFOXRIAN | A3JO7UFKFI5QHU | B09377KVKG |
| 85 | ihuadaMBin | A1HOSONLOJD0Q0 | B097T7HFGY |
| 86 | Iveyink | A21PYKCXDRBHM1 | B08YYYCZLW |
| 87 | JIAWANAMOAMO | A30YRI6BIAWPBT | B094CS3SKG |
| 88 | jinhua store | A2F7MYDP5BKNLS | B095C9CJ5V |
| 89 | JunMei Store | A2KJYELWFXWPKC | B097RLYN8D |
| 90 | kuailenongjia1 | A7GJGARU02PB | B08YNSMS9S |
| 91 | Langkou01 | A3M8G4HXUDCCY7 | B08ZCKRC42 |
| 92 | LILIZHANG's Store | AGVSIOOC9P0WO | B08X156L3B |
| 93 | Liying's Shop | A2TFPXCCW6I5RR | B08XQ8WL52 |
| 94 | LNOTIAN | A1L5YS6BF742YA | B08Z7JFT69 |
| 95 | longzhiyujianzhuzhuangshisheji | A3T45D4BX7R57B | B091Q2PSZD |

| Def. No. | Defendant / Seller ID | Financial Account Information | YIP Branded Item's ASIN / Infringing Product Number |
|---|---|---|---|
| 96 | LUO OU BAI HUO | A2QMSCZG66FLIU | B08T753CFZ |
| 97 | luoyuanchengbeimei | AXKN22KGTT6VH | B08XZ49CZF |
| 98 | lvbina | A10DLMNL9B4I0P | B08YNSMS9S |
| 99 | lzq944777mei | A1B2GYKCX1N32H | B08YNSMS9S |
| 100 | MCX.QAL | A2P2ZX4X7QP3K6 | B09219FWNC |
| 101 | MDSK US Fast Delivery | A10AIBCXSV1ATS | B08Y8FGMLW |
| 101 | NISGOV | A10AIBCXSV1ATS | B08Y8FGMLW |
| 102 | MIENIRUI | A1QBP6UENRDF5H | B094QQVCS4 |
| 103 | min yi | A7T55KGH8M45P | B091TZDJ7G |
| 104 | MINGJUNSHOP | A303UQ8B9TMO6Q | B094HVLXCZ |
| 105 | Miucas Sports | A2568TIS2VWZ9B | B094JQRZCF |
| 106 | MopherStore | AIF176MGYLJC9 | B08Z4BMJ1N |
| 107 | neargad | A127C64MFQ9B8K | B099KC446B |
| 108 | NGRUIWH | A10UL3X35WOXA8 | B0979XWLZG |
| 109 | Nozaya | A3T6A2X4CTTECC | B08YYVYKKH |
| 110 | Old Guest Shop | A15SNACY37T3KC | B08SVRZCGR |
| 111 | OLDM(U.S. Warehouse) | A3GA8J9Y3MRI4R | B09BCQWPHJ |
| 112 | OLYO lues | AKSPXEZY1EA5Q | B08GZBQLKN |
| 113 | Orchid Latte | A45QZPOB51EF1 | B08YNSL9CP |
| 114 | Osibinmo | A2WXBA6LVAF4TO | B08SMB7WJT |
| 115 | Ourya | A1RIO0KK70BM1I | B098WF7D4H |
| 116 | panshengno1 | A3PIMZWBP1JPKD | B08XZ3J5KD |
| 117 | PHWHJ | AB0400LVYY44U | B0925WCMB2 |
| 118 | pptyuio-US | A2IY4CWJ1VWIIV | B095HY9849 |
| 119 | Precious soul | A2QDATH2DPZ1F8 | B08ZL7375T |
| 120 | QIANCHENGSIJINUS | ARI9Z3EJS38GW | B098TGK4NQ |
| 121 | QIAZNH | A3LIMSRXX5NI40 | B08T5W1VD8 |
| 122 | Qingjingxia Trade | A4QQDZOHJMOUY | B091M3Q7YG |
| 123 | Qkuaiok | A3FVFXDJSIAWZP | B094D32Y43 |
| 124 | QXSDH | A3CO0LY9R4GCYE | B094FBY5SB |
| 125 | Redinnop-plio | AVD0TLUVFPV13 | B0953X6KQ3 |
| 126 | renpengfeiouzhou | A2SCUD46X90ZX3 | B09247TF4S |
| 127 | Rose Doigge | AVLJ17QMA5S1E | B0931XSN57 |
| 128 | ruihengyang | A1FYUNH5BUWWN0 | B08SPXN9XJ |
| 129 | SADWF | A22X559A561TXJ | B095KGP9DC |
| 130 | sairui-us | A3A5GAKS3M3X2H | B094V7XLVP |
| 131 | shanxidingshengjiamaoyiyouxiangongsi | A1XKPAH3YG3YRA | B08T5S3F5S |
| 132 | shanxihetaoshangmaoyouxiangongsi | A25NJ95XDIU1TZ | B08ZCXPYC7 |
| 133 | ShenZhenDaYanJiaoKeJiYouXianGongSi | A1M57SCT63UZK6 | B08V5H3XMT |
| 134 | shuijiao | A2M07Q5CSSDM4P | B08SPXN9XJ |
| 135 | Shuoyao | A3AWS7HM4UGPJ | B08XH9JNDQ |
| 136 | Suncatchers-JC | A1PK9M43CP52JD | B095HDMK81 |
| 137 | suxiaboy | A1KT7OIQE90HSD | B08T19WJXK |
| 138 | taiyuanshijinyuanquhaichengshanghang | AVYQQH2UTUJ7K | B08YRXLYY4 |
| 139 | Trustifly | A13GZDDT7P7TXC | B08YYMDCWP |
| 140 | US Direct - AMOAMOGO | A57PRTC35HKX7 | B094CS3SKG |
| 141 | Vincntse US | A2E96YDNUQSZRZ | B095GS9C9J |
| 142 | Wascye Store | A1MRT98IYSSO73 | B08T63GRSW |
| 143 | wenmingming | A3QW6I52I1SVC4 | B09537RDJ2 |
| 144 | wenshopshop | A39YBTLKRHXHCL | B08SVXPLBS |
| 145 | Wikey Store | A1J8YEO5IXXAQQ | B08SQW1S6D |

| Def. No. | Defendant / Seller ID | Financial Account Information | YIP Branded Item's ASIN / Infringing Product Number |
|---|---|---|---|
| 146 | *Dismissed* | | |
| 147 | Womola | A23YUCOZBOPLLU | B08SM3M2G7 |
| 148 | wudh | A2EZMNW7PNUY0G | B08XV2T3NV |
| 149 | WURUIdian | A14ELVUEDPQJMG | B0948FJGBF |
| 150 | XHACTIVE | A1ZRL14I06JE3A | B08YWQFVS5 |
| 151 | xhdigi-US | A3HUG33XLTDFE7 | B0913F6MG8 |
| 152 | XiaFeiXiaMei shOP | A3DHRMI7BUIABM | B091Z17VJ2 |
| 153 | Xingtang-us | AYNXUPSZPGDPB | B095K3FG35 |
| 154 | xingyiwangluo152 | A92I8V14MPRGF | B08SSSQHCR |
| 155 | Xinhyoheek | A294OIRPATK01H | B08ZNDHF7R |
| 156 | xinxiangshimingshuowangluojishuyouxiangongsi | A3UIWBUISW6DK4 | B08SM7C5PS |
| 157 | xinyike | A1S9QH0J5Y913G | B08XTL6J8Z |
| 158 | XiuZhu-MAOYI | A6XRRIOT80XRH | B08Z4BMJ1N |
| 159 | XP-LOPV | A2DSUMASWHK3LD | B08ZJF4416 |
| 160 | XUELUUS | A3LFK9KKKAFSGA | B098XK41MX |
| 161 | YaYaFuShi001 | A3RTEJK69RYIZT | B08YYTCDLS |
| 162 | YHSSW | A16FFY4KR5YQEH | B08YCYP9V8 |
| 163 | YINLIAN-AUS-HOME | A2UISJLDMBQXLY | B094JT6ZYD |
| 164 | YOUJINHUI | A1CID4L1S5BU4S | B09491CXCY |
| 165 | yuepeng Gao | A3HN6AZTCM6L0I | B0991Z39XX |
| 166 | yunchengshiyanhuqubeixiangwangzuanrizadian | AHG1MDON7XAFA | B092684D86 |
| 166 | YWENQ | A2P0PCIJK06UTK | B0919W6N98 |
| 167 | ZGDP | A3401U11HNG36W | B093D72X9R |
| 168 | ZhixiaYS | AIY7TLST78FXS | B08Y8QGZZ2 |
| 169 | zihong | A2VDPN5QA9U0Z0 | B097ZRWX8Z |
| 170 | ZLOS | AELHJVAP7F3EY | B08ZYMPS4M |
| 171 | ZXFlwlaa | A1EPN9JG9Q8SPU | B094QK6SWL |
| 172 | gdsog64 | dgsqjcsm@163.com | |
| 173 | hybodont | 5fd0ca0af3a2147a50f7539e | 5ffbd04e649a825d4f8a625d |
| 174 | MaiChengEC | 5e7db5f2b0dd401e6704a42e | 609e7d628fd31808bb876cae |
| 175 | xiaosongshuss | 5d87368b35b4492f3d2cf4e7 | 5f51fc3dfdf4911365ab661e |